## No. 5883.

### PETER HELWEGE VS. HIBERNIA NATIONAL BANK.

By the law merchant of this country the certificate of a bank that a check is good is equivalent to acceptance.

This is a suit against the defendant on a certified check for $4150. The defense is the check was raised from forty-one dollars after it was certified, and the date was altered from the second to the seventh of July. Plaintiff acquired it on the seventh of July, in due course of business for value.

There was a blank between the words forty-one and dollars in which the drawer fraudulently inserted the additional figures and absconded after the perpetration of the fraud,

The bank was negligent in certifying the check without drawing a line with a pen across the blank between the words forty-one and dollars. thereby enabling the drawer to perpetrate the fraud. There was nothing in the appearance of the check to excite the suspicion of plaintiff or a prudent man of business. The bank therefore is responsible.

APPEAL from the Sixth District Court, parish of Orleans. *Saucier, J. E. W. Huntington,* for plaintiff and appellant. *T. Gilmore & Sons* and *Finney & Miller,* for defendant and appellee.

WYLY, J. Plaintiff appeals from the judgment rejecting his demand against the defendant on a certified check for $4150. The defense is the check was raised after it was certified, and the date was altered.

. It appears the Hibernia Bank, on the second of July, 1874, certified a check of its customer, J. Weidner, for forty-one dollars; that there was a blank between the words forty-one and dollars, in which the drawer fraudulently inserted the words hundred and fifty; that the date was changed from the second to the seventh of July, and that plaintiff acquired it on the seventh of July in due course of business for value; also that Weidner has absconded.

The bank was negligent in certifying the check without drawing a line with a pen across the blank between the words forty-one and dollars, thereby enabling the drawer to perpetrate the fraud. It is admitted that if George Soulé, an expert, had been produced as a witness he would testify that "if a line had been drawn from those words (forty-one) to the word dollars, it would have been impossible to erase it without leaving

a mark; there was no such line drawn; such a line could not have been taken out by the use of chemicals without leaving some traces of the action of the acid on the paper." The evidence is, there was nothing in the appearance of the check to excite the suspicion of the plaintiff or a prudent man in business.

We think this case is controlled by the case of Isnard vs. Torres and Marquez, 10 An. 103, where the indorser was held liable for a note raised from one hundred and fifty dollars to eleven hundred and fifty dollars under similar circumstances. The court said: "There was a want of proper caution on the part of Marquez in indorsing a note containing such a blank. This want of proper caution on his part enabled Torres to commit a fraud by filling up the blank so as to increase the amount in a manner entirely free from suspicion, and surely the equity of Marquez, whose case is certainly a hard one, is inferior to that of Isnard, who has parted with his money on the faith of a state of things which the imprudence of Marquez enabled Torres to create." "By the law merchant of this country the certificate of the bank that a check is good is equivalent to acceptance." 10 Wallace, 647.

It is therefore ordered that the judgment herein in favor of defendant be annulled, and that plaintiff recover of defendant forty-one hundred and fifty dollars, with legal interest from the seventh of July, 1874, and costs of both courts.

Rehearing refused.